UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and JULIE EDWARDS, on Her behalf and on behalf of others similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> JOSHUA BAKER, in his official capacity As Director, South Carolina Department of Health and Human Services, <br><br> Defendant. | Civil Action No: 2:18-cv-2078-MGL |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant, by and through his undersigned counsel, hereby submits this Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss.

## Argument

Plaintiffs' Opposition to Defendant's Motion to Dismiss urges this Court to completely ignore the legal significance of the contractual agreements both between the South Carolina Department of Health and Human Services (SCDHHS) and Plaintiff Planned Parenthood South Atlantic (PPSAT) and between SCDHHS and Plaintiff Julie Edwards. By entering into its Provider Agreements with SCDHHS, Plaintiff PPSAT waived both its right to sue in federal court and any right it may have ever had to fail to exhaust its administrative remedies. PPSAT's waiver is voluntary and this dispute arises under the terms of the Provider Agreements. South Carolina

1

providers are not required to participate in the Medicaid program, so entering into the Provider Agreements is voluntary. *Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204 (4th Cir. 2014).

Judge Currie recently summarized the 4th Circuit's holding in *Pee Dee Health Care* as follows:

> In *Pee Dee Healthcare*, the Fourth Circuit made two critical findings. First, a healthcare provider may enforce 42 U.S.C. § 1396a(bb) through a Section 1983 action. Second, the provider may voluntarily waive the right to pursue that claim in federal court. Pee Dee Healthcare, 509 F.3d at 212-13 (noting "procedural rights under § 1983, like other federal constitutional and statutory rights, are subject to voluntary waiver").
>
> In determining whether the waiver at issue in Pee Dee Healthcare was voluntary, the court noted "[h]ealthcare providers in South Carolina are not required to accept Medicaid patients[.]" *Id*. at 213. Because of this, a provider's "decision . . . to enter into a contract for Medicaid reimbursement is voluntary." *Id*. This voluntariness renders a waiver contained in the contract enforceable. *Id*. ("Because Pee Dee voluntarily waived its right to bring an action alleging improper reimbursement in federal court, the public interest in opposing involuntary waiver of constitutional rights is no reason to hold this agreement invalid."). The court also noted the waiver at issue did "not completely deprive Pee Dee of a remedy" for its potential Section 1983 claim because it "agreed as part of its contract for Medicaid reimbursement that all such claims would be pursued only through state administrative and judicial avenues." *Id*. (holding contract did "not involve a waiver of a constitutional right, but only the ancillary right to select a federal forum to pursue a statutory right."). *Id*. As *Pee Dee Healthcare* further explained, "Medicaid disputes are commonly heard in state administrative tribunals and no federal policy bars state courts from hearing federal claims." *Id.* at 214.
>
> …
>
> Genesis also argues the provisions are inapplicable because its claims rely on Section 1983, rather than on the contract itself. In support of this argument, Genesis notes the Fourth Circuit's acknowledgement that Pee Dee Healthcare's "claim arises under the terms of the contract." Pee Dee Healthcare, 509 F.3d at 209, n.7. However, the court also noted "Pee Dee's claim is *couched as seeking to remedy a failure to receive a statutorily conferred benefit* rather than seeking the enforcement of a contract." *Id*. (emphasis added). While the Fourth Circuit acknowledged Pee Dee Healthcare's concession that the claim arose under the contract, it did not suggest such a concession was necessary to enforcement of the contractual limitations. To the contrary, the court expressly applied the contractual limitations in upholding dismissal of a Section 1983 claim added after the matter was removed to federal court. The court rejected an argument "enforcement of the

> forum-selection clause [in the context of a Section 1983 claim] would contravene a strong public policy of the federal courts to hear federal claims," explaining "Medicaid disputes are commonly heard in state administrative tribunals and no federal policy bars state courts from hearing federal claims." *Id*. at 214.
>
> Here, as in *Pee Dee Healthcare*, Genesis's right to reimbursement would not exist had it not entered Provider Agreements with DHHS. Those Provider Agreements contain a provision that limits the "sole and exclusive remedy" for "any dispute . . . under the terms of the contract" to state administrative proceedings with review of those proceedings limited to the state-court system and a related venue provision. *Pee Dee Healthcare*, which is controlling circuit law, requires that this court enforce the limitations on forum and remedy found in Genesis's Provider Agreements and timely raised by Soura through his motion to dismiss.

*Genesis Health Care, Inc*., 3:16-cv-003376-CMC, footnotes omitted.

Here, *Pee Dee Health Care*, which is controlling circuit law, similarly requires that this Court enforce the limitations on forum and remedy found in PPSAT's Provider Agreements and timely raised by Baker through his motion to dismiss. Plaintiff's reliance on an older case involving a construction dispute over substandard design specifications, *Washington Metro Area Transit Auth v Buchart-Horn Inc*., 886 F.2d 733 (4th Cir. 1989), does not change the analysis set out in *Pee Dee Health Care* that is controlling in this case.

Likewise, Plaintiffs' contention that this Court should find the Provider Agreements to be unenforceable is wholly without merit. Plaintiffs argue that this "dispute concerns an agency action taken outside the normal administrative process, at the governor's directive", yet fail to acknowledge that SCDHHS is a cabinet agency of the South Carolina Governor's Office. The "normal administrative process" for a cabinet agency certainly includes implementing executive orders from the South Carolina Governor's Office. Furthermore, Plaintiffs have only contested SCDHHS's actions taken "at the Governor's directive" yet have not contested the Governor's ability or authority to direct SCDHHS to "deem abortion clinics…enrolled in the Medicaid program, as unqualified" in Executive Order No. 2018-21. Finally, Defendant is not arguing that

3

Plaintiffs waived a constitutional right; the right waived by the Plaintiffs is the ancillary right to have its constitutional rights pursued in this federal forum. There is no authority cited by Plaintiffs to the contrary.

Irrespective of how Plaintiffs couch their claims or how they try to pick apart *Pee Dee Health Care*, the fact remains that the controlling precedent in this matter is *Pee Dee Health Care* and this Court is bound by the same.

## CONCLUSION

For the reasons set forth above and in its Memorandum in Support of Motion to Dismiss, Defendant respectfully requests that the Court grant Defendant's Motion to Dismiss.

Respectfully submitted,

JOLLEY LAW GROUP, LLC

*s/ Ariail B. Kirk*

Kelly M. Jolley (09578)
Email: kmj@jolleylawgroup.com
Ariail B. Kirk (09250)
Email: abk@jolleylawgroup.com
1201 Main St., Suite 1980
Columbia, SC 29201
T: (803) 748-1259
F: (877) 668-1766

*Counsel for Defendant*

Dated: September 11, 2018