UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, et al., | ) )  Case No. 3:18-cv-2078-MGL |
| Plaintiffs, | ) ) ) |
| v. | ) )  **PLAINTIFFS' ANSWERS TO** |
| | )  **LOCAL CIVIL RULE 26.03** |
| JOSHUA BAKER, | )  **INTERROGATORIES** |
| | ) |
| Defendant. | ) ) |

Plaintiffs Planned Parenthood South Atlantic ("PPSAT") and Julie Edwards hereby answer the interrogatories set forth in Local Rule 26.03 (D.S.C.) as follows:

**1.     A short statement of the facts of the case.**

PPSAT offers Medicaid patients a range of family planning and other reproductive health services and preventative care at two centers in Columbia and Charleston, South Carolina. Patients insured through Medicaid choose PPSAT based on a number of factors. PPSAT is a known provider of high-quality medical care in a nonjudgmental, culturally-sensitive environment. PPSAT particularly tries to address the obstacles to care that Medicaid patients with limited income face by providing same-day and walk-in appointments, flexible scheduling, short wait-times, and same-day contraceptive services so patients only need to make one trip to the health center.

Despite PPSAT's provision of high-quality medical care, Governor McMaster sought to exclude PPSAT and other abortion providers from all publicly-funded health care networks. To that end, on July 13, 2018, Governor Henry McMaster issued an Executive Order directing the

1

South Carolina Department of Health and Human Services ("DHHS") to "deem" all abortion clinics and any affiliated physicians "unqualified" and to "immediately terminate them upon due notice and deny any future such provider enrollment applications for the same." S.C. Executive Order 2018-21 (July 13, 2018.)

On that same day, DHHS notified PPSAT that "[t]he Governor's actions result in Planned Parenthood no longer being qualified to provide services to Medicaid beneficiaries" and that it was terminating PPSAT as a Medicaid provider effective immediately. Termination Letter from Amanda Q. Williams, Health Servs. Acting Program Dir., DHHS Divs. Of Health Servs. Operations & Clinical Quality to PPSAT (July 13, 2018.)

PPSAT's Medicaid enrollment was, in fact, terminated immediately, and thereafter, PPSAT was not able to seek reimbursement for services to Medicaid patients.

Plaintiffs filed this lawsuit challenging the termination on July 30, 2018, in the Charleston Division of the District of South Carolina. At the same time, Plaintiffs filed a motion for temporary restraining order ("TRO") and preliminary injunction, asking the court to restore PPSAT's Medicaid enrollment during the pendency of the litigation. Defendant filed a motion to change venue to the Columbia Division. The court granted the motion to change venue. Thereafter, the court held a hearing and granted Plaintiffs' motion for TRO and preliminary injunction on August 28, 2018. PPSAT has been reinstated as a Medicaid provider.

Plaintiffs filed a motion for class certification. Defendant filed a motion to dismiss. The court has not yet ruled on these two motions.

On September 27, 2018, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. This underlying case is stayed pending resolution of Defendant's appeal.

**2.    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

   a.   **Julie Edwards** will testify regarding her status as a Medicaid patient and the health care she has obtained from PPSAT. She has given a Declaration that has been filed in this matter. (ECF No. 5-3.)

   b.   **Jenny Black** is the President and CEO of PPSAT. She will testify regarding the services that PPSAT provides to Medicaid patients and the effect of Governor McMaster's efforts to terminate PPSAT from the Medicaid program. She has given two declarations that have been filed in this matter. (ECF Nos. 5-2 and 15-1.)

   c.   **Nancy Long** is the Chief Financial Officer for PPSAT. She will testify regarding PPSAT's participation in the Medicaid program.

   d.   **Joshua Baker** is the Director of the South Carolina Department of Health and Human Services. He is expected to testify regarding the termination of PPSAT's Medicaid enrollment.

Defendant reserves the right to supplement this response and name additional fact witnesses.

**3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Plaintiffs do not intend to call an expert witness at this time but reserve the right to name one or more expert witnesses.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same.**

   a.   Defendant violated Section 1396(a)(23) of Title 42 of the United States Code by denying PPSAT's patients, including Julie Edwards, the right to choose any willing, qualified health care provider in the Medicaid program.

   b.   Defendant violated the Equal Protection requirements of the Fourteenth Amendment of the Constitution of the United States by singling out PPSAT, its

3

staff, and its patients (including Julie Edwards) for unfavorable treatment without adequate justification.

c. Defendant violated the Fourteenth Amendment of the Constitution of the United States by penalizing PPSAT for conducting constitutionally protected activity without adequate justification.

5. **Absent special instructions from the assigned judge, propose dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures. (b) Completion of discovery.**

Plaintiffs agree with these deadlines as set forth in the Scheduling Order.

6. **Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).**

None.

7. **Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.**

The Parties have agreed that they will avoid injecting sensitive information regarding patients, physicians, and staff in this matter. The Parties have agreed that they will not include personal identifying information for patients in their public filings other than for any patient identified by name as a Plaintiff. The Parties have also agreed that they will not include personal identifying information for any of Planned Parenthood South Atlantic's physicians or staff. To the extent any physician needs to be identified, the Parties will identify him or her only by his or her personal NPI number minus the last four digits.

The parties have agreed that they will prepare and exchange privilege logs on all material for which a privilege is claimed as required by Rule 26(b)(5).

Respectfully submitted,

*/s/ M. Malissa Burnette*
M. Malissa Burnette (Fed. Bar. No. 1616)
Kathleen McDaniel (Fed. Bar. No. 10139)
Burnette Shutt & McDaniel, PA
912 Lady Street, Second Floor
Columbia, SC 29201
803-904-7913
mburnette@burnetteshutt.law
kmcdaniel@burnetteshutt.law

Jennifer Sandman*
Planned Parenthood Federation of America
123 William St., 9th Floor
New York, NY 10038
(212) 261-4584
jennifer.sandman@ppfa.org

Alice Clapman*
Planned Parenthood Federation of America
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
(202) 973-4862
alice.clapman@ppfa.org

Attorneys for the Plaintiffs

*\* Admitted pro hac vice*

5