UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and JULIE EDWARDS, on Her behalf and on behalf of others similarly Situated,<br><br>Plaintiffs,<br><br>-versus-<br><br>JOSHUA BAKER, in his official capacity As Director, South Carolina Department of Health and Human Services,<br><br>Defendant. | Civil Action No: 3:18-cv-02078-MGL |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant, by and through his undersigned counsel, hereby submits this Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment as the motion is untimely and Defendant cannot meet the burden of proof as required by Fed. R. Civ. P. 56, prior to a ruling on Defendant's pending Motion to Dismiss or Defendant's filing an answer and participating in discovery, should that motion be denied. Plaintiffs mistakenly assume that the 4th Circuit's upholding of this Court's grant of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction ends this case and are attempting to wrongly deny Defendant the opportunity to have his Motion to Dismiss heard and to conduct necessary discovery.

### A. STATEMENT OF THE CASE

On July 27, 2018, Plaintiffs Planned Parenthood South Atlantic ("PPSAT") and Julie Edwards, on her own behalf and that of a purported class, sued under 42 U.S.C. § 1983 seeking to secure rights allegedly bestowed on the Plaintiffs by the Medicaid Act (Title XIX of the Social

1

Security Act) and the Fourteenth Amendment of the United States Constitution. ECF No. 1. Plaintiffs requested injunctive relief and a declaratory judgment alleging that Defendant violated the Medicaid Act and the Fourteenth Amendment by terminating PPSAT's enrollment with the South Carolina Department of Health and Human Services ("SCDHHS") as a Medicaid provider following the directive in South Carolina Governor Henry McMaster's Executive Order 2018-21 that abortion clinics and affiliated physicians are deemed unqualified to participate in the South Carolina Medicaid program. *See generally* ECF Nos. 1 & 5. Defendant Joshua Baker is the Director of SCDHHS. SCDHHS is the single-state agency responsible for the administration in South Carolina of a program of Medical Assistance under Title XIX of the Social Security Act; it makes all final decisions and determinations regarding the administration of the Medicaid program.

A temporary restraining order and preliminary injunction was granted in favor of Ms. Edwards on her Medicaid Act claim and is currently in place which ordered SCDHHS to allow PPSAT to enroll as a Medicaid provider during the pendency of this suit. ECF No. 30. The Order granting Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction was appealed to the United States Court of Appeals for the Fourth Circuit. ECF No. 37. The United States Court of Appeals for the Fourth Circuit issued its opinion affirming this Court on October 29, 2019, *Planned Parenthood South Atlantic v. Baker*, No. 18-2133 (4th Cir. 2019). ECF No. 46. The deadline for filing the petition for a writ of certiorari seeking review of the decision of the Fourth Circuit Court of Appeals is Friday, March 27, 2020. Defendant intends to file a petition for writ of certiorari to the United States Supreme Court requesting review of this decision.

On January 22, 2020, Plaintiffs filed a Motion to Stay the Deadlines in the Amended Scheduling Order pending resolution of Plaintiffs' then forthcoming motion for summary

judgment, citing the sole ground of "good cause" as required by Fed. R. Civ. P. 16 that "it would be a poor use of the Court and the parties' time and resources to pursue discovery when the key issues in this case can be—and in fact have already been—decided as a matter of law." ECF No. 50, p. 2. On January 31, 2020, Plaintiffs filed their Motion for Summary Judgment alleging that summary judgment for Plaintiffs is warranted because the Medicaid Act's free-choice-of-provider provision affords Medicaid beneficiaries a private right of action and Defendant's termination of PPSAT's Medicaid provider agreement violates the free-choice-of-provider provision. ECF No. 52, p.1. However, the single issue determined by the Fourth Circuit Court of Appeals was that the Medicaid Act's free-choice-of-provider provision affords a private right of action to a Medicaid recipient. ECF No. 46, p. 3.

On February 6, 2020, Defendant served Interrogatories and Requests for Production on Plaintiff PPSAT. On February 13, 2020, Defendant granted Plaintiffs an extension on these discovery requests until thirty days after this Court ruled on Plaintiffs' Motion for Summary Judgment. Nevertheless, on February 14, 2020, Plaintiffs filed a Consent Motion for Extension to Respond to Discovery. ECF No. 57. On February 18, 2020, this Court denied Plaintiffs' Motion for Stay and granted Plaintiffs' Consent Motion for Extension on Discovery. ECF No. 58. In addition to Plaintiffs' Motion for Summary Judgment, Plaintiffs' July 30, 2018 Motion for Class Certification [ECF. No. 6] and Defendant's August 20, 2018 Motion to Dismiss [ECF No. 25] are still pending before this Court. Therefore, Defendant has yet to file an Answer.

**B. ARGUMENT**

1. Plaintiffs' Motion for Summary Judgement should be denied as the case should move forward with a ruling on Defendant's Motion to Dismiss that has been pending since the summer of 2018 and does not involve any of the same issues that were appealed to the Fourth

3

Circuit Court of Appeals. None of the remaining issues in this case were decided by the Fourth Circuit's decision upholding this Court's grant of the temporary restraining order and preliminary injunction to Plaintiff Edwards or determination that Plaintiff Edwards has a private right of action to enforce the Medicaid Act's free-choice-of-provider provision.

2. Plaintiff PPSAT's Motion for Summary Judgment should be denied because PPSAT has waived any right to pursue the § 1983 claim it brought in this action in a federal forum. Effective June 15, 2015, PPSAT entered into two Medicaid enrollment agreements with SCDHHS to provide pharmacy and physician services: (1) the June 5, 2015 PPSAT enrollment form for PPSAT Physician Group, Medicaid ID# 143724, NPI# 1851438147 and (2) the July 15, 2015 PPSAT Pharmacy, Medicaid ID# 715572, NPI#1497049555. ECF Nos. 16-1 and 16-2, respectively, hereinafter referred to as "Enrollment Agreements". This dispute arises under the terms of these Enrollment Agreements between SCDHHS and PPSAT for the above referenced providers. *Id*. Pursuant to the Enrollment Agreements, PPSAT, as a condition of participation and payment, agreed as follows:

> That, for any dispute arising under this agreement, the provider shall have as his sole and exclusive remedy the right to request a hearing from SCDHHS within thirty (30) calendar days of the SCDHHS action which he believes himself aggrieved. Such proceedings shall be in accordance with SCDHHS appeals procedures and S.C. Code Ann. 1-23-310 et. seq. (1976, as amended). Judicial review of any final agency administrative decision shall be in accordance with S.C. Code Ann. 1-23-380 (1976, as amended).
>
> That participation, all services rendered, and claims submitted shall be in compliance with all applicable federal and state laws and regulations and in accordance with the South Carolina Plan for Medical Assistance, bulletins, SCDHHS policies, procedures, and Medicaid Provider Manuals.

*Id*. These Enrollment Agreements remained in effect until July 13, 2018 when SCDHHS terminated PPSAT's Enrollment Agreements with the South Carolina Medicaid Program.

The law in this circuit, as set out in *Pee Dee Health Care, P.A. v. Sanford,* is that a

4

healthcare provider's right to bring an action under § 1983 "can be limited by contract." 509 F.3d 204, 213 (4th Cir. 2007). As set forth in *Pee Dee Health Care*:

> Notwithstanding … that a right of action exists under § 1983 to enforce § 1396a(bb), there is nothing in federal law prohibiting a healthcare provider from waiving the right to pursue such a § 1983 claim in a federal forum. On the contrary, procedural rights under § 1983, like other federal constitutional and statutory rights, are subject to voluntary waiver. …
>
> This court has applied a voluntariness standard to determine the enforceability of agreements in which a party releases possible § 1983 claims. Where a party knowingly and willingly enters into an agreement that waives a constitutional right, the agreement is enforceable so long as it does not undermine the public's interest in protecting the right. …
>
> Healthcare providers in South Carolina are not required to accept Medicaid patients. Therefore, any decision on the part of a healthcare provider such as Pee Dee to enter into a contract for Medicaid reimbursement is voluntary... Because Pee Dee voluntarily waived its right to bring an action alleging improper reimbursement in federal court, the public interest opposing involuntary waiver of constitutional rights is no reason to hold this agreement invalid.
>
> Furthermore, the contract between Pee Dee and SCDHHS does not completely deprive Pee Dee of a remedy. ... Pee Dee did not contract away its right to bring an action under § 1983, but instead agreed as part of its contract for Medicaid reimbursement that all such claims would be pursued only through state administrative and judicial avenues. That is, Pee Dee's contracts do not involve a waiver of a constitutional right, but only the ancillary right to select a federal forum to pursue a statutory right.

*Pee Dee Healthcare, P.A. v. Sanford*, 509 F.3d at 212-13.

Absent the Enrollment Agreements, PPSAT is not entitled to any reimbursement at all from SCDHHS. Since PPSAT waived its right to pursue a § 1983 claim in a federal forum by entering into its Enrollment Agreements with the SCDHHS, this Court lacks subject matter jurisdiction over its claims and PPSAT should be dismissed as a plaintiff, not granted summary judgment. Accordingly, PPSAT's Motion for Summary Judgment must be denied.

3. PPSAT's Motion for Summary Judgment must also be denied because PPSAT has failed to exhaust its administrative remedies as required by South Carolina law and their agreements with SCDHHS as discussed above. *See Unisys Corp. v. South Carolina Budget and Control Bd. Div. of Gen. Servs. Info. Mgmt. Office*, 346 S.C. 158, 551 S.E.2d 263 (2001). An appeal filed pursuant to SCDHHS' regulations is required by the agreement of the parties. Such appeal is defined by regulation as "[t]he formal process of review and adjudication of Agency determinations, which shall be afforded to any person possessing a right to appeal pursuant to statutory, regulatory and/or contractual law; provided, that to the extent that an appellant's appellate rights are in any way limited by contract with the Agency or assigned to the Agency, said contractual provision shall control." 27 S.C. Code Ann. Regs. § 126-150(B). Plaintiffs' Complaint does not allege that the appeals procedure has been followed by either Plaintiff.

Furthermore, the allegations made by PPSAT in the Complaint are the type of issues that the SCDHHS Division of Appeals and Hearings was specifically designed and created to rule upon. As discussed above, an appeal with the SCDHHS Division of Appeals and Hearings is defined as the "formal process of review and adjudication of Agency determinations, which shall be afforded to any person possessing a right to appeal pursuant to statutory, regulatory and/or contractual law…" 27 S.C. Code Ann. Regs. § 126-150(B). The mandatory language of the regulation further requires that "[a]n appeal shall be initiated by the filing of a notice of appeal" which "shall be in writing and shall be directed to Appeals and Hearings, Department of Health and Human Services…." 27 S.C. Code Ann. Regs. § 126-152(A) and (B). This portion of the regulation goes on to contemplate appeals by providers, such as Plaintiff PPSAT, requiring that a provider's notice of appeal "shall state with specificity the adjustment(s) or disallowance(s) in

question, the nature of the issue(s) in contest, the jurisdictional basis of the appeal and the legal authority upon which the appellant relies." 27 S.C. Code Ann. Regs. § 126-152(B).

PPSAT appears to acknowledge their need to exhaust the administrative remedies available to them by their submission of a Notice of Appeal from Termination to SCDHHS' Division of Appeals and Hearings on August 13, 2018, more than two weeks after PPSAT's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction were filed. A copy of that Notice of Appeal is attached as Exhibit 1 hereto. That appeal is still pending as of this date, as evidenced by the Scheduling Order in that matter attached as Exhibit 2 hereto.

Having failed to exhaust its administrative remedies, PPSAT's case should be dismissed and PPSAT's Motion for Summary Judgment should be denied.

4. Plaintiff Edwards' Motion for Summary Judgment should be denied because she lacks standing as required by Article III, § 2 of the United States Constitution and should be dismissed as a plaintiff. *See* David v. Alphin, 704 F.3d 327, 333 (4th Cir. 2013). Article III standing has three "irreducible minimum requirements":

> 1. an injury in fact (i.e., a 'concrete and particularized' invasion of a 'legally protected interest');
>
> 2. causation (i.e., a 'fairly ... trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant); and
>
> 3. redressability (i.e., it is 'likely' and not merely 'speculative' that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Pender v. Bank of Am. Corp.*, 788 F.3d 354, 365 (4th Cir. 2015) (quoting *Sprint Commc'ns Co., L.P. v. APCC Serv., Inc.*, 554 U.S. 269, 273-74 (2008)).

> Another Article III threshold question is whether a dispute is ripe for adjudication. A claim should be dismissed as unripe if the plaintiff has not yet suffered injury

and any future impact remains wholly speculative. The basic rationale of the ripeness doctrine is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties. When determining ripeness, we traditionally consider (1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration. A case is fit for adjudication when the action in controversy is final and not dependent on future uncertainties; conversely, a claim is not ripe when it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all. The hardship prong, on the other hand, is measured by the immediacy of the threat and the burden imposed on the plaintiffs.

*Kobe v. Keck*, No. 15-1419 (4th Cir. Dec. 15, 2016) (internal citations and quotation marks omitted).

In this case, Plaintiff Edwards, by her own admission, has no injury in fact. Plaintiff Edwards' Declaration filed with this Court on July 30, 2018 merely recounts her medical history (and notes her status as currently disabled) and states that she wants "to be able to continue getting care at [PPSAT]". ECF No. 5-3, ¶ 17. Plaintiff Edwards does not even aver that her only insurance coverage is government assistance, nor does Plaintiff Edwards allege that the physician she saw at PPSAT has been terminated from Medicaid. Plaintiff Edwards' allegations are squarely based upon contingent future events that may not occur as anticipated, or indeed may not occur at all. Since Plaintiff Edwards' Complaint should be dismissed as her claims are not ripe for adjudication, she should not be granted summary judgment.

5. Plaintiffs' Motion for Summary Judgment should be denied as the case should move forward with Defendant's filing an Answer in the event that his pending Motion to Dismiss is denied and participating in Discovery as he is entitled to do pursuant to Fed. R. Civ. P. 56(d) on the following issues:

    a. Impact on PPSAT;

  b. Impact on Plaintiff Edwards;

  c. Class allegations;

  d. Affirmative Defenses to be filed when appropriate; and

  e. Information known to the four (4) fact witnesses listed by the Plaintiffs in their Local Rule 26.03 (D.S.C.) interrogatories. ECF No. 41.

  6. Plaintiff's Motion for Summary Judgment should be denied because Plaintiffs have failed to support their motion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" as required by Fed. R. Civ. P. 56(c)(1)(A). In seeking summary judgment the parties submit materials which create a record; it is on that record only that the Court rules on summary judgment. In the present case, the Court has no record on which to adjudge summary judgment for the simple fact that there is no factual record in this case aside from affidavits and declarations filed by the parties in August, 2018 which have not been updated or vetted through the discovery process.

  7. Plaintiffs' Motion for Summary Judgment should be denied because, as set forth in Defendants' Memorandum in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, Defendant respectfully believes the Fourth Circuit Court of Appeal's holding that the Medicaid Act's free-choice-of-provider provision affords a private right of action to a Medicaid recipient is in error and that 42 U.S.C. § 1396a(a)(23) does not authorize a private right of action under § 1983 to collaterally attack a state agency's decision to exclude a provider from the state's Medicaid program.

8. Plaintiffs' Motion for Summary Judgment should be denied because Judicial economy is best served by allowing discovery and mediation to proceed in this matter as set forth in this Court's Amended Scheduling Order. ECF No. 48.

**C. CONCLUSION**

For the reasons stated herein Defendant respectfully requests Plaintiffs' Motion for Summary Judgment be denied.

Respectfully submitted,

JOLLEY LAW GROUP, LLC


 s/ Kelly M. Jolley
Kelly M. Jolley (Fed. Bar No. 09578)
Email: kmj@jolleylawgroup.com
Ariail B. Kirk (Fed. Bar No. 09250)
Email: abk@jolleylawgroup.com
1201 Main St., Suite 1100
Columbia, SC 29201
T: (803) 748-1259
F: (877) 668-1766

*Counsel for Defendant*

Dated: February 24, 2020