UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

PLANNED PARENTHOOD SOUTH ATLANTIC, et al.,

        Plaintiffs,

vs

JOSHUA BAKER,

        Defendant.

Case No. 3:18-cv-2078-MGL

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

As set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment ("Pls.' Br."), ECF No. 52-1, Plaintiff Julie Edwards' Medicaid Act claim turns, not on any disputed facts, but rather on legal questions that have been decided in Plaintiffs' favor by six out of seven courts of appeals, including recently in this case by the Fourth Circuit when it affirmed this Court's grant of a preliminary injunction. *See* Pls.' Br. at 5. Defendant's opposition fails to show otherwise.

Rather than meet his burden to "set forth specific facts," supported by "affidavits or other means permitted by [Rule 56] . . . showing that there is a genuine issue for trial," Defendant offers legally insufficient "allegations or denials," *see Chappell v. Int'l Bhd. Elec. Workers Local Union 772*, 120 F. Supp. 3d 492, 495 (D.S.C. 2015); *see also Lewis v. Omni Indem. Co.*, 970 F. Supp. 2d 437, 448 (D.S.C. 2013) ("[T]he non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment"). Defendant also revives arguments that have already been considered and rejected in the course of the proceedings on

1

Plaintiffs' motion for a preliminary injunction. In short, there is nothing that remains to be litigated in this case and this Court should grant Plaintiffs' motion.

Defendant first asserts that his pending motion to dismiss should be addressed before Plaintiffs' motion because the former "does not involve any of the same issues that were appealed to the Fourth Circuit Court of Appeals." Def.'s Mem. Opp'n Pls.' Mot. Summ. J. ("Def.'s Br.") at 3–4, ECF No. 61 (referencing Def.'s Mem. Supp. Mot. Dismiss at 8–10, 12–18, ECF No. 25-1). In fact, *every* argument Defendant made in his motion to dismiss either was rejected or is foreclosed by the prior decisions in this case. Defendant's arguments also fail under other controlling precedent.

Most importantly, this Court and the Fourth Circuit have already rejected Defendant's arguments that Plaintiffs lack a right of action and failed to state a claim. *See Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 691 (4th Cir. 2019) (holding that the Medicaid Act "bars states from excluding providers for reasons unrelated to professional competency"); *Planned Parenthood S. Atl. v. Baker*, 326 F. Supp. 3d 39, 48 (D.S.C. 2018) (holding that "Defendant's termination of PPSAT from South Carolina's Medicaid program violates § 1396a(a)(23)(A)"); *see also Planned Parenthood Ariz. Inc. v. Betlach*, 727 F.3d 960 (9th Cir. 2013) (affirming summary judgment that Arizona violated Medicaid Act by excluding abortion providers from Medicaid). Both *Baker* opinions also rejected the arguments in Defendant's motion to dismiss that Ms. Edwards waived her right to a federal judicial forum or was otherwise required to exhaust administrative remedies. *Baker*, 941 F.3d at 699 n.4; *Baker*, 326 F. Supp. 3d at 46–47.[1]

---

[1] Defendant appears to abandon these arguments, arguing instead that *PPSAT* waived its right to a federal forum or is otherwise required to exhaust administrative remedies. Def.'s Br. at 4–7. The questions Defendant raises about PPSAT in opposition to summary judgment are wholly beside the point, as Plaintiffs have moved for summary judgment based on Ms. Edward's claim. It is equally irrelevant that Defendant purports to have issued a scheduling order for the administrative appeal option that PPSAT preserved, Ex. 2 to Def.'s Br., ECF No. 61-2, an order that counsel

2

Indeed, the only arguments in Defendant's motion to dismiss that the *Baker* opinions did *not* reach and reject are his arguments that Ms. Edwards lacks standing because she has failed to show injury and that her claim is not ripe. These arguments fail. A plaintiff establishes injury if she identifies "an 'actual' 'invasion [by the defendant] of a legally protected interest' that 'affect[s] the plaintiff in a personal and individual way.'" *See Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454–55 (4th Cir. 2017) (alteration in original) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 & n.1 (1992)). Moreover, "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 537 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 414 n.5 (2013)); *see Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 454 (5th Cir. 2017) (quoting *Driehaus*, 573 U.S. at 158) (in Free Choice of Provider context, citing this rule in rejecting defendant's standing arguments). And her claim is "ripe" if it is "fit for judicial decision" and if, absent a decision, she would suffer "hardship." *See* Pls.' Opp'n Def.'s Mot. Dismiss at 5, ECF No. 31 (citing *Cooksey v. Futrell*, 721 F.3d 226, 240 (4th Cir. 2013)).

Here, as this Court already held in granting a preliminary injunction, Ms. Edwards has a legally protected (and certainly deeply "personal") interest in choosing her own Medicaid provider, and Defendant has unquestionably *already* invaded that interest, so as to present a "ripe" claim to the court, by terminating her chosen provider from Medicaid. *See Baker*, 326 F. Supp. 3d at 48 ("Defendant's termination of PPSAT from South Carolina's Medicaid program is depriving Ms. Edwards of her statutory right to choose PPSAT as her provider . . . ."); *see also Baker*, 941 F.3d at 707 ("Denial of her statutory right to select a qualified provider visits a tangible harm:

---

never actually received. But even if these arguments were relevant, they should be rejected for the reasons set forth in Plaintiffs' Opposition to Defendant's Motion to Dismiss at 7–13, ECF No. 31.

diminished access to high-quality health care suited to the individual plaintiff's needs."). This Court also rejected Defendant's argument, repeated here from his motion to dismiss, that Ms. Edwards is not injured because she could receive care elsewhere from one of the physicians affiliated with PPSAT; as this Court concluded, that argument fails because, *inter alia*, Ms. Edwards has stated her desire to continue receiving care *at PPSAT* and she "has the right to choose PPSAT, not just its physicians, as her provider." *Baker*, 326 F. Supp. 3d at 49.[2]

Faced with these clear holdings, Defendant attempts to manufacture factual issues that are not only unsupported but in fact contradicted by the record. He speculates that Ms. Edwards might have private insurance coverage in addition to her Medicaid insurance because she does not specifically "aver" that she does not, *see* Def.'s Br. at 8. This is baffling and irrelevant, given Ms. Edwards' sworn testimony that: 1) before finding PPSAT she underwent a concerted search and had serious difficulty finding a provider who took Medicaid insurance and could provide the care she sought; and 2) if PPSAT is terminated, she does not know where she would go for care because she cannot pay out of pocket. Decl. Julie Edwards Supp. Pls.' Mot. TRO & Prelim. Inj. ¶¶ 4–9, 15–16, ECF No. 5-3. Given that Defendant does not dispute this testimony, it is beyond dispute that Ms. Edwards has standing and that her challenge to Defendant's termination of PPSAT from Medicaid presents a ripe case. *See generally* Pls.' Opp'n Def.'s Mot. Dismiss at 5–7.

Defendant's actions depriving Ms. Edwards of her chosen Medicaid provider not only establish her standing and the ripeness of her claim, but they are central to the merits of her claim. The only other fact needed to decide Plaintiffs' motion, which Defendant does not actually dispute, is that PPSAT is professionally qualified to provide Ms. Edwards with the medical care she needs.

---

[2] Not only is it irrelevant whether Ms. Edwards could somehow obtain care, outside PPSAT, from a PPSAT-employed physician not herself terminated from Medicaid, but the record is uncontested that she could not. *See* Suppl. Decl. Jenny Black Further Supp. Pls.' Mot. Prelim. Inj. ¶¶ 5–8, ECF No. 24-1.

*Baker*, 941 F.3d at 702. While Defendant claims "Plaintiffs have failed to support their motion," in fact Plaintiffs provided record support for each and every fact material to this case. Specifically, Plaintiffs cited to Ms. Edwards' sworn declaration that she is a South Carolina resident insured through Medicaid who has been treated at PPSAT's Columbia location and intends to continue to seek treatment there. Pls.' Br. at 3. They also cited to PPSAT CEO Jenny Black's sworn declaration that: 1) for decades, PPSAT and its predecessor organization have treated patients insured through Medicaid at its health centers in Charleston and Columbia; 2) PPSAT provides a range of family planning, reproductive health, and preventive care services; 3) PPSAT also performs abortions at these health centers, but South Carolina Medicaid does not reimburse PPSAT for any of these abortions except under limited circumstances as required by federal law; and 4) Defendant sent PPSAT a letter stating that he was terminating it from Medicaid, effective immediately, based solely on Governor McMasters' directive that Defendant terminate all abortion providers and anyone affiliated with these providers. *Id*. at 2–4. Given Plaintiffs' showing, the burden shifted to Defendant to dispute these facts with actual evidence or explain why they are not dispositive. He has done neither.

Instead, Defendant strains to suggest that there is some broader factual record that must be developed before this Court can decide Ms. Edwards' claim. There is not. Defendant's claim that summary judgment cannot be granted because he needs discovery on "Impact on PPSAT," "Impact on Plaintiff Edwards," "Class allegations," and unspecified "Affirmative Defenses" is a red herring. Def.'s Br. at 8–9. As set forth above, the *Baker* opinions already held that Ms. Edwards has been injured by Defendant's unjustified termination of PPSAT because that termination deprived her of her chosen provider. What *further* impact Defendant's actions had on Ms. Edwards, or on PPSAT for that matter, is legally irrelevant. And while Plaintiffs initially moved

5

for class certification out of an abundance of caution, such certification is not necessary for the declaratory and injunctive relief sought. *See Betlach*, 727 F.3d 960 (affirming declaratory judgment and permanent injunction against removal of Planned Parenthood provider from the Medicaid program based on violation of individual plaintiff patients' free-choice rights).

Finally, Defendant argues that this Court should deny Plaintiffs' motion because he intends to petition the U.S. Supreme Court for certiorari in his appeal of this Court's preliminary injunction. Def.'s Br. at 9. His suggestion that this Court essentially stay adjudication of Ms. Edwards' Medicaid Act claim is odd, given that he also argues, one paragraph earlier, that "this case should move forward" with discovery, *id*. at 8–9. At any rate, the mere fact that the losing party has petitioned for certiorari is not a basis for staying the case. *See United States v. Eisner*, 323 F.2d 28, 42 (6th Cir. 1963). That is particularly so here, where the Supreme Court has repeatedly denied certiorari in cases raising the same issues raised here. *See Andersen v. Planned Parenthood of Kan. & Mid-Mo.*, 139 S. Ct. 638 (2018); *Gee v. Planned Parenthood of Gulf Coast, Inc.*, 139 S. Ct. 408 (2018); *Betlach v. Planned Parenthood Ariz.*, 571 U.S. 1198 (2014); *Sec'y of Ind. Family & Soc. Servs. Admin. v. Planned Parenthood of Ind., Inc.*, 569 U.S. 1004 (2013).

For all these reasons and those set forth in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, Plaintiffs are entitled to summary judgment on Ms. Edwards' Medicaid Act claim.

Respectfully submitted this 28th day of February, 2020:

*/s/ Malissa Burnette*
M. Malissa Burnette (Fed. Bar. No. 1616)
Kathleen McDaniel (Fed. Bar. No. 10139)
Burnette Shutt & McDaniel, PA
912 Lady Street, Second Floor

Columbia, SC 29201
803-904-7913
mburnette@burnetteshutt.law
kmcdaniel@burnetteshutt.law

Alice Clapman*
Planned Parenthood Federation of America
1110 Vermont Ave., NW, Suite 300
Washington, DC 20005
(202) 973-4862
alice.clapman@ppfa.org

Attorneys for the Plaintiffs

*  *Admitted pro hac vice*