

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and JULIE EDWARDS, *on her behalf and on behalf of all others similarly situated*,<br>Plaintiffs, | §<br>§<br>§<br>§<br>§<br>§ | |
| vs. | § | Civil Action No.: 3:18-02078-MGL |
| JOSHUA BAKER, *in his official capacity as Director, South Carolina Department of Health and Human Services*,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANTS MOTIONS TO DISMISS**
**AND PLAINTIFFS' MOTIONTO CERTIFY CLASS**

---

## I.     INTRODUCTION

Plaintiffs Planned Parenthood South Atlantic (PPSAT) and Julie Edwards (Edwards), on her behalf and on behalf of all others similarly situated (collectively, Plaintiffs), brought this action against Defendant Joshua Baker (Baker) for violations of 42 U.S.C. § 1396(a)(23)(A), a provision of the Medicaid Act, and related constitutional claims. Although Baker questions whether the Court has subject matter jurisdiction, Plaintiffs assert the Court has jurisdiction over this matter under 28 U.S.C. § 1331.

Pending before the Court are Defendant Joshua Baker's (Baker) motions to dismiss for lack of subject matter jurisdiction and for a failure to state a claim and Plaintiffs' motions to certify class. Having carefully considered the motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court both Baker's motions to dismiss and Plaintiffs' class certification motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

This action arises out of the South Carolina Department of Health and Human Services' (SCDHHS) termination of PPSAT from South Carolina's Medicaid program. SCDHHS is the state agency that administers South Carolina's Medicaid program, and Baker is the director of SCDHHS. Compl. ¶ 16.

PSSAT operates two health centers in South Carolina—one in Charleston and one in Columbia. *Id.* ¶ 14. According to Jenny Black, the President and CEO of PPSAT, prior to SCDHSS' termination of PPSAT from South Carolina's Medicaid program, PPSAT treated patients insured through Medicaid at both of its South Carolina locations. Declaration of Jenny Black at 3. PPSAT offers its patients, including but not limited to those insured through Medicaid, a range of family planning, reproductive health, and preventive care services at its Charleston and Columbia health centers. Compl. ¶ 14.

Although PPSAT performs abortions at its South Carolina health centers, South Carolina Medicaid does not cover abortions, except under limited circumstances required by federal law. Declaration of Jenny Black at 3. Edwards is a South Carolina resident insured through Medicaid who has been treated at the Columbia location of PPSAT. Declaration of Julie Edwards ¶¶ 1-2, 11-13.

On August 24, 2017, South Carolina Governor Henry McMaster (Governor McMaster) issued Executive Order No. 2017-15 directing all State agencies to "take any and all necessary actions . . . to cease providing State or local funds . . . to any physician or professional medical practice affiliated with an abortion clinic and operating concurrently with and in the same physical, geographic location or footprint as an abortion clinic." Declaration of Jenny Black at 14. Thereafter, on July 13, 2018, Governor McMaster issued Executive Order No. 2018-21 instructing SCDHHS to "deem abortion clinics . . . and any affiliated physicians or professional medical practices . . . enrolled in the Medicaid program as unqualified to provide family planning services and, therefore, to immediately terminate them upon due notice and deny any future such provider enrollment applications for the same." *Id.* at 28. That same day, SCDHHS notified PPSAT it was no longer qualified to provide services to Medicaid beneficiaries, and SCDHHS was therefore terminating PPSAT's Medicaid enrollment agreements effectively immediately. *Id.* at 30.

Plaintiffs filed their complaint in this matter on July 27, 2018. Edwards sued on her own behalf and as the representative of a purported class of South Carolina Medicaid beneficiaries who have obtained or seek to obtain covered healthcare services from PPSAT. Plaintiffs allege Defendant's actions in terminating PPSAT from South Carolina's Medicaid program violate 42 U.S.C. § 1396a(a)(23), a provision of the Medicaid Act, as well as the Fourteenth Amendment of the United States Constitution. Plaintiffs seek declaratory and injunctive relief.

Plaintiffs filed their motion to certify class. Baker filed a response in opposition and Plaintiffs replied. Baker then filed his motions to dismiss for failure to state a claim and to dismiss for lack of subject matter jurisdiction. Plaintiffs filed a response in opposition and Baker replied. Contemporaneously, Plaintiffs filed a motion for a temporary restraining order and for preliminary injunction. Baker responded in opposition and Plaintiffs replied.

The Court previously ruled on Plaintiffs' motion for a temporary restraining order and preliminary injunction on August 28, 2018, reserving judgment on the three motions currently pending (August 2018 Order). The August 2018 Order enjoined the termination of PPSAT's Medicaid enrollment agreement during the pendency of this action. Baker appealed that order to the Fourth Circuit, which had the effect of staying the proceedings in this Court. On October 29, 2019, the Fourth Circuit issued an opinion affirming the temporary restraining order and preliminary injunction, returning jurisdiction to this Court. The Court, having been fully briefed on the relevant issues, is now prepared to discuss the merits of all three motions.

## III. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### A. Standard of review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the district court's subject-matter jurisdiction. "Federal courts are courts of limited subject matter jurisdiction, and as such, there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). In determining jurisdiction, a district court "may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 654 (4th Cir. 2018).

### B. Discussion and analysis

Baker alleges the Court lacks jurisdiction on four bases: 1) Edwards fails to satisfy the standing requirement of Article III, § 2 of the Constitution, 2) Plaintiffs' actions are nonjusticiable because they are unripe for adjudication, 3) Plaintiffs neglected to exhaust all administrative

remedies before bringing suit, and 4) Plaintiffs waived any right to sue under 28 U.S.C. § 1983 related to these claims. The Court will address each in turn.

### 1. *Whether Edwards has standing to bring this suit*

Actions, whether initiated by organizational or individual plaintiffs, must meet the constitutional standing requirements to remain in federal court. *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 458 (4th Cir. 2005). "To demonstrate standing, a plaintiff must prove that he has suffered a 'concrete and particularized' injury that is 'fairly traceable to the challenged conduct of the defendant' and is likely to be redressed by a favorable judicial decision." *Ansley v. Warren*, 861 F.3d 512, 517 (4th Cir. 2017) (quoting *Lujan v. Def. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Baker solely challenges whether Edwards meets the concrete and particularized injury-in-fact element of the standing analysis. "Injury in fact is an invasion of a legally protected interest." *Kenny v. Wilson*, 885 F.3d 280, 287 (4th Cir. 2018). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Id.* (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). When plaintiffs seeks injunctive relief, "they must establish an ongoing or future injury in fact." *Id.*

As discussed in the Court's previous ruling on the temporary restraining order and preliminary injunction, Edwards meets the injury-in-fact element of the standing analysis. *See Planned Parenthood S. Atlantic v. Baker*, 326 F.Supp.3d 39, 49 (D.S.C. 2018) ("Ms. Edwards . . . will suffer irreparable harm in the absence of an injunction because [she] will be deprived of [her] statutory right to the qualified provider of their choice."). The Court's previous holding applies. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern

the same issues in subsequent stages of the same case."). Therefore, the Court holds Edwards has standing to sue.

### 2. *Whether Plaintiffs' action is ripe for adjudication*

Baker further challenges whether, should Edwards meet the standing requirement, her case is ripe for adjudication. A claim is considered ripe when it is both fit for a judicial decision and withholding judicial attention would create hardship for the parties. *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 191 (4th Cir. 2018). The fitness prong requires "the issues [in the case to be] purely legal and . . . the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006). The hardship prong "is measured by the immediacy of the threat and the burden imposed on the [plaintiff] who would be compelled to act under threat of enforcement of the challenged law." *Id.* (alteration in original). A challenge is ripe to an administrative decision when it has been "formalized . . . with concrete effects." *Pashby v. Delia*, 709 F.3d 307, 317 (4th Cir. 2013).

Whether the termination of PPSAT as a Medicaid provider is valid presents a purely legal question. Because Baker's termination decision was based on Governor McMaster's directive, there is not future uncertainty as to the permitted participation by PPSAT as a Medicaid provider in South Carolina. This meets the fotmess prong of the ripeness test. Edwards would suffer an immediate burden but for this suit, as she would be unable to use PPSAT as her provider as a Medicaid recipient, meeting the hardship prong of the test. Accordingly, Edward's claims are ripe for adjudication.

### 3. *Whether Plaintiffs' failure to exhaust administrative remedies defeats jurisdiction*

The Court previously addressed the issue of exhaustion with regards to Edwards in its ruling on the temporary restraining order and preliminary injunction. *See Planned Parenthood S.*

*Atlantic*, 326 F.Supp.3d at 46 ("Accordingly, the Court holds Ms. Edwards was not required to exhaust state administrative remedies prior to bringing this action."). The Court previous holding applies. *See Aramony*, 166 F.3d at 661 ) ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). The Court need not address the issue as to PPSAT as "the presence of one party with standing is sufficient to satisfy Article III's case-or-controversy requirement." *Bostic v. Shaefer*, 760 F.3d 352, 370 (4th Cir. 2014) (quoting *Rumsfeld v. Forum for Acad. & Inst. Rights, Inc.*, 547 U.S. 47, 52 n.2 (2006)). Consequently, the Court concludes Baker's failure-to-exhaust argument is without merit.

### 4. Whether Plaintiffs waived any right to sue under § 1983

Finally, Baker alleges Plaintiffs waived any right to sue under § 1983, based on PPSAT's enrollment agreement for the Medicaid program with the SCDHHS and Edward's enrollment as a Medicaid beneficiary. Baker argues, citing *Pee Dee Healthcare, P.A. v. Sanford*, both contracts limit the rights of both PPSAT and Edwards. *See* 509 F.3d 204, 213 (4th Cir. 2007) (noting that healthcare providers rights to sue under § 1983 related to the Medicaid program can be limited by contract).

The *Pee Dee* plaintiffs sought to enforce the reimbursement provisions of the Medicaid Act, alleging South Carolina's reimbursement formula violated the statute reimbursement provisions under 42 U.S.C. § 1396a(bb). *Id.* at 209. Pee Dee's enrollment contract contained a provision "requiring that any claims that arise under the terms of the contract be pursued first through an administrative appeals process then in state court." *Id.* Reimbursement procedures were quintessentially part of the enrollment agreement, which governed "the method and amounts of payment" for the Medicaid provider. *Id.* at 207.

Baker, however, overextends the rationale of *Pee Dee Healthcare*. The case at hand differs significantly. PPSAT and Edwards sue, not to enforce an arrangement germane to either the enrollment agreement or beneficiary enrollment, but rather for the ability of PPSAT to actually participate in the program. Thus, although a contract may limit the ability to utilize § 1983 to vindicate contractual rights, even if connected to statutory rights, *Pee Dee Healthcare* cannot be read as a wholesale limitation of the right, under § 1983, to bring suit on issues related to the Medicaid statute not covered by the specifics of a contract. As such, Baker's contention Plaintiffs waived any right to sue under § 1983 must fail.

To recap, Plaintiffs have standing to bring the present case. Their action is ripe, they were not required to exhaust any administrative remedies, and they have not waived the right to bring actions under § 1983. The Court will thus deny Baker's motion to dismiss for lack of jurisdiction.

## IV.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The Court previously addressed the failure to state a claim arguments raised by Baker in its order on the preliminary injunction. *See Planned Parenthood S. Atlantic*, 326 F.Supp.3d at 46 ("Accordingly, the Court holds Ms. Edwards is likely to succeed on the merits of her Medicaid claim."). The Court's previous analysis applies. *See Aramony*, 166 F.3d at 661 ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). Accordingly, Baker's motion to dismiss for failure to state a claim will be denied.

## V.     MOTION FOR CLASS CERTIFICATION

Plaintiffs concede "this Court can afford Plaintiffs broad relief without certifying a patient class" and assert class certification "is unnecessary" if such broad relief is available through the individual suit.  Plaintiff Reply in Support of Motion for Class Certification at 2.   This aligns with 4th Circuit precedent stating, "when . . . the relief being sought can be fashioned in such a way that will have the same purpose and effect as a class action, the certification of a class action is unnecessary and inappropriate." *Sanford v. R.L. Coleman Realty Co.*, 573 F.2d 173, 178 n.9 (4th Cir. 1978).

Here, Plaintiffs seek "permanent injunctive relief . . . enjoining Defendant . . . from terminating, or threatening to terminate PPSAT from South Carolina Medicaid." Compl ¶ 56.  If granted, this relief would apply equally to all South Carolina Medicaid patients potentially seeking treatment at PPSAT, not just the named plaintiffs.  Thus, relief from the individual case would "have the same purpose and effect as a class action. *Sanford*, 573 F.2d at 178 n.9.   Accordingly, the Court will deny the motion for class certification.

## VI.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Baker's motions to dismiss and Plaintiffs' motion for class certification are **DENIED**.

 **IT IS SO ORDERED.**

Signed this 23rd day of March 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE