

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and JULIE EDWARDS, § § § Plaintiffs, § § vs. § § JOSHUA BAKER, *in his official capacity as Director, South Carolina Department of Health and Human Services*, § § § § Defendant. § § § | Civil Action No.: 3:18-2078-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AS TO COUNT ONE OF THE COMPLAINT**

### I.   INTRODUCTION

Plaintiffs Planned Parenthood South Atlantic (PPSAT) and Julie Edwards (Edwards) (collectively, Plaintiffs) brought this action against Defendant Joshua Baker (Baker), the director of the South Carolina Department of Health and Human Services (SCDHHS), alleging Baker's termination of PPSAT from South Carolina's Medicaid program violates 42 U.S.C. § 1396a(a)(23)(A), a provision of the Medicaid Act (the Act), as well as the Fourteenth Amendment of the United States Constitution.  The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

Pending before the Court is Plaintiffs' motion for summary judgment as to Count One of the complaint. Having carefully considered Plaintiffs' motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Plaintiffs' motion will be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

This action arises out of SCDHHS's termination of PPSAT from South Carolina's Medicaid program. SCDHHS is the state agency that administers South Carolina's Medicaid program.

PSSAT operates two health centers in South Carolina: one in Charleston and one in Columbia. Prior to SCDHSS' termination of PPSAT from South Carolina's Medicaid program, PPSAT treated patients insured through Medicaid at both of its South Carolina locations. PPSAT offers its patients, including but not limited to those insured through Medicaid, a range of family planning, reproductive health, and preventive care services at its Charleston and Columbia health centers.

PPSAT performs abortions at its South Carolina health centers, but South Carolina Medicaid does not cover abortions, except under limited circumstances required by federal law. Edwards is a South Carolina resident insured through Medicaid, who has been treated at the Columbia location of PPSAT.

On August 24, 2017, South Carolina Governor Henry McMaster (McMaster) issued Executive Order No. 2017-15, directing all State agencies to "take any and all necessary actions . . . to cease providing State or local funds . . . to any physician or professional medical practice affiliated with an abortion clinic and operating concurrently with and in the same physical, geographic location or footprint as an abortion clinic."

On July 13, 2018, Governor McMaster issued Executive Order No. 2018-21, instructing SCDHHS to "deem abortion clinics . . . and any affiliated physicians or professional medical practices . . . enrolled in the Medicaid program as unqualified to provide family planning services and, therefore, to immediately terminate them upon due notice and deny any future such provider enrollment applications for the same." That same day, SCDHHS notified PPSAT it was no longer qualified to provide services to Medicaid beneficiaries, and SCDHHS was therefore terminating PPSAT's Medicaid enrollment agreements effectively immediately.

Plaintiffs filed their complaint in this matter on July 27, 2018. Edwards initially brought suit on her own behalf and as the representative of a purported class of South Carolina Medicaid beneficiaries who have obtained or seek to obtain covered healthcare services from PPSAT. As the Court noted above, in Plaintiffs' complaint, they allege Baker's actions in terminating PPSAT from South Carolina's Medicaid program violate the Act, as well as the Fourteenth Amendment of the United States Constitution.

Plaintiffs sought declaratory and injunctive relief, and the Court granted Plaintiffs' motion for a temporary restraining order and preliminary injunction. *See Planned Parenthood S. Atl. v. Baker*, 326 F. Supp. 3d 39, 49 (D.S.C. 2018) (*Baker I*). Baker appealed that decision to the Fourth Circuit, which effectively stayed the proceedings before this Court. Thereafter, the Fourth Circuit affirmed the Court's decision. *See Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 699–700 (4th Cir. 2019) (*Baker II*).

Plaintiffs subsequently filed the instant motion, after which the Court denied Plaintiffs' motion for class certification and Baker's motions to dismiss for lack of subject matter jurisdiction and for a failure to state a claim.

### III.     STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment should be granted under Rule 56 when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is material if it might "affect the outcome of the suit under the governing law." *Id.*  On a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e).  The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23.  Hence, the granting of summary judgment involves a three-tier analysis.

First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). The primary issue is whether the material facts present a substantive disagreement as to require a trial, or whether the facts are so sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251–52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

**IV.    DISCUSSION AND ANALYSIS**

Plaintiffs have moved for summary judgment solely on Count One of the complaint: Edwards's claim that Baker's actions violate the Act by denying PPSAT's patients the right to choose any willing, qualified healthcare provider in the Medicaid program. The Act provides, in relevant part, that "any individual eligible for medical assistance . . . may obtain such assistance

from any institution, agency, community pharmacy, or person, qualified to perform the service or services required . . . who undertakes to provide him such services . . . ."

As an initial matter, the Act's free-choice-of-provider provision creates a private right of enforcement under § 1983. *See Baker II*, 941 F.3d at 699–700 ("Because South Carolina has not rebutted the presumption that a private right of action exists, we join the Fifth, Sixth, Seventh, Ninth, and Tenth Circuits in finding that the free-choice-of-provider provision creates a private right enforceable under § 1983.") (citing cases). Thus, in the Fourth Circuit, Edwards, as a matter of law, may seek to enforce the free-choice-of-provider provision in this § 1983 action.

Turning to Plaintiffs' claim PPSAT is a medically and professionally qualified provider, there is no dispute as to whether Baker asserts PPSAT afforded less than adequate care to its patients. He does not. *See id.* at 692 (Baker "did not contend that PPSAT was providing subpar service to its Medicaid patients, or to any other patients. Instead, PPSAT was terminated solely because it performed abortions outside of the Medicaid program.") (footnote omitted).

And, Baker, in his response in opposition to Plaintiffs' motion, fails to dispute PPSAT is unqualified to perform any services under the Act. Consequently, the record is void of any argument or evidence PPSAT was unqualified to perform any services as set forth in the Act.

In Baker's response, however, he sets forth nine arguments as to why the Court should deny Plaintiffs' motion.

First, Baker argues Plaintiffs' motion should be denied and the case should move forward with a ruling on his then-pending motions to dismiss. This argument is now moot, as the Court has since denied Baker's motions to dismiss for lack of subject matter jurisdiction and for a failure to state a claim.

Second, Baker asserts the motion should be denied as a result of the dispute resolution sections of the Enrollment Agreements PPSAT entered into with SCDHHS which, according to Baker, foreclose PPSAT from pursuing a § 1983 claim in a federal forum. Baker opines "[s]ince PPSAT waived its right to pursue a § 1983 claim in a federal forum by entering into its Enrollment Agreements with the SCDHHS, this Court lacks subject matter jurisdiction over its claims and PPSAT should be dismissed as a plaintiff, not granted summary judgment." Baker's Response at 5.

But, Baker misreads Plaintiffs' motion for summary judgment. Both plaintiffs have moved for summary judgment solely as to Edwards's first claim in the complaint. Thus, Baker's objection regarding PPSAT's claims has no relevancy to this motion.

Third, Baker avers the motion should be denied due to PPSAT's failure to exhaust all administrative remedies under South Carolina law. Much in line with his second argument, Baker confuses PPSAT moving for summary judgment on Edwards' first claim with improperly making arguments as to why it should be allowed to move for summary judgment on its own § 1983 claim. Thus, the Court need not address this argument.

Fourth, Baker complains the motion should be denied because Edwards has failed to meet the injury-in-fact requirement of the Article III standing analysis. However, this Court already held Edwards meets the injury-in-fact element of the standing analysis. *See Baker I*, 326 F. Supp. 3d at 49 ("Ms. Edwards . . . will suffer irreparable harm in the absence of an injunction because [she] will be deprived of [her] statutory right to the qualified provider of [her] choice."). The Court reaffirmed this holding in a subsequent ruling. *See Planned Parenthood S. Atl. v. Baker*, No. 3:18-02078, 2020 WL 1434946 at *3 (D.S.C. Mar. 23, 2020) ("Edwards meets the injury-in-fact element of the standing analysis."). The Court's previous holdings apply here. *See United States*

7

*v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.").

Fifth, Baker argues Edwards' claim is not ripe for adjudication. Whether Edwards's action is ripe for adjudication has also already been answered in the affirmative by the Court. *See Planned Parenthood S. Atl. v. Baker*, No. 3:18-02078, 2020 WL 1434946 at *3 (Edwards's "claims are ripe for adjudication.").

Sixth, Baker posits the case should move forward via his filing of an answer and commencing discovery, assuming his motions to dismiss are denied. As the Court mentioned above, Baker's motions to dismiss for lack of subject matter jurisdiction and a failure to state a claim were denied, so the Court must analyze only whether Baker is entitled to discovery.

Baker seeks discovery from Plaintiffs in the following areas: (1) Impact on PPSAT, (2) Impact on Edwards, (3) Class allegations, (4) Affirmative Defenses to be filed when appropriate, and (5) information known to the four fact witnesses listed by Plaintiffs in their Local Rule 26.03 interrogatories.

Plaintiffs have agreed that, if the Court grants their motion for summary judgment on Count One of the complaint, it is unnecessary for the Court to consider their remaining claims inasmuch as such a ruling would dispose of the controversy. Thus, in light of the Court's decision to grant Plaintiffs' motion, this Order properly ends the case, and no further discovery is needed.

Seventh, Baker insists Plaintiffs' motion should be denied because the Court, according to Baker, "has no record on which to adjudge summary judgment for the simple fact that there is no factual record in this case aside from affidavits and declarations filed by the parties in August,

2018 which have not been updated or vetted through the discovery process." Baker's Response at 9.

When entertaining Plaintiffs' motion, the Court has one overarching objective: to determine whether the movant shows there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). As discussed in detail above, the record demonstrates to the Court it can adjudicate Plaintiffs' motion based only on questions of law. Thus, the scant factual record Baker speaks of is of no consequence.

Eighth, Baker contends the Fourth Circuit incorrectly held (1) the Medicaid Act's free-choice-of-provider provision affords a private right of action to a Medicaid recipient and (2) the Act does not authorize a private right of action under § 1983 to collaterally attack a state agency's decision to exclude a provider from the state's Medicaid program. This argument is made to the wrong court. The Court is required to follow Fourth Circuit precedent, and no argument from Baker will persuade the Court otherwise.

Ninth, Baker avows "judicial economy is best served by allowing discovery and mediation to proceed in this matter as set forth in this Court's Amended Scheduling Order." Baker's Response at 10.

If a legal matter before the Court consists purely of a question of law, as opposed to a question of fact, judicial economy mandates a timely decision, without discovery, by the Court. Furthermore, the existence of an Amended Scheduling Order is merely a procedural mechanism that has no bearing on the merits of the underlying action. Regardless, with this Order, the need for further proceedings ends, so Baker's contention is now moot.

## VI.     CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion for summary judgment as to Count One of the complaint, and their request for a declaratory judgment that Baker's decision to terminate PPSAT from Medicaid violates the Medicaid Act is, and will be, void and of no effect.

In addition, the Court will issue a permanent injunction enjoining Baker and his agents, employees, appointees, delegates, and successors from terminating PPSAT from Medicaid as a result of its provision of lawful abortion-related services to PPSAT clients.

As per Local Civil Rule 7.10, except as modified herein, within seven days from the entry of this Order, Plaintiffs' counsel shall provide to the Court and to opposing counsel a draft order granting Plaintiffs' request for a permanent injunction.  *See* Fed. R. Civ. P. 65(d).

Defense counsel shall have seven days after receiving the draft order to submit any comments on the proposed order to the Court.

**IT IS SO ORDERED.**

Signed this 17th day of September 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
