IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC and JULIE EDWARDS, on her behalf and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>EUNICE MEDINA, in her official capacity as DIRECTOR OF THE SOUTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | Case No. 3:18-cv-02078-MGL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT**

Plaintiff Planned Parenthood South Atlantic ("Planned Parenthood") provides critical primary care, preventive care, and family planning services in South Carolina. Yet since 2017, the State has persisted in a targeted effort to bar Planned Parenthood from receiving federal or state funds. When the South Carolina Department of Health and Human Services terminated Planned Parenthood from the State Medicaid program on July 13, 2018, Planned Parenthood and co-plaintiff Julie Edwards brought a Section 1983 challenge to the State's actions under the Medicaid Act's Free Choice of Provider provision and the Fourteenth Amendment. This Court granted a permanent injunction on the Free Choice of Provider claim and, at this Court's request and by stipulation, Plaintiffs voluntarily dismissed their Fourteenth Amendment claims without prejudice. In *Medina v. Planned Parenthood South Atlantic*, 145 S. Ct. 2219 (2025), the Supreme Court reversed, holding that the Free Choice of Provider provision is not privately enforceable under

1

Section 1983.

Meanwhile, South Carolina has continued its efforts to punish Planned Parenthood, enacting legislation that would foreclose the organization from receiving federal funds. Most recently, on May 28, 2025, the South Carolina legislature passed the 2025-2026 General Appropriations Bill, which provided that "once the federal injunction [entered by this Court] is lifted, the Department of Health and Human Services may not direct any federal funds to Planned Parenthood." H.B. 4025, 126th Session, § 33.22 (S.C. 2025). Loss of the injunction in this case will therefore subject Planned Parenthood to defunding not only as a result of the State's original termination action, but also as a result of this subsequent legislative attack.

Planned Parenthood and Julie Edwards thus seek leave to amend and supplement the existing complaint to add constitutional claims challenging the State's continued efforts to terminate Planned Parenthood from Medicaid. *See* Ex. A (First Amended and Supplemental Complaint ("FASC")).[1]

Plaintiffs meet the requirements for leave to amend and supplement. First, there is good cause to amend: Having proceeded first to litigate fully the statutory claim before their constitutional claims, Plaintiffs' actions were consistent with principles of parity and judicial economy, as well as the doctrine of constitutional avoidance. *See* Dkt. No. 5-1 n.11. Further, Plaintiffs stipulated to voluntary dismissal of their constitutional claims *without prejudice* only after this Court expressly requested that they do so because Plaintiffs prevailed on summary judgment as to the Free Choice of Provider claim. *See* Ex. B. Nothing in the Fourth Circuit's mandate remanding the case, which simply instructed the Court to dismiss the initial complaint,

---

[1] While Julie Edwards joins Planned Parenthood in this motion, the FASC is brought by Planned Parenthood only.

2

nor elsewhere in the record prevents the Court from now granting leave to amend and supplement. Second, no allegation in the FASC prejudices Defendant, who is well aware of the thrust of Planned Parenthood's claims (including the allegations carried over from the original complaint) and will suffer no prejudice from Planned Parenthood's choice to amend rather than file a new lawsuit. Third, Planned Parenthood's claims are likely to succeed; in fact, another district court recently enjoined a similar federal defunding effort on grounds similar to those Planned Parenthood asserts in the FASC. Finally, Planned Parenthood's continued efforts to challenge the State's defunding actions are brought in good faith.

To fully adjudicate the constitutionality of the State's continued attempts to terminate Planned Parenthood from Medicaid, this Court should grant leave to amend and supplement the original complaint.

## BACKGROUND

Planned Parenthood provides critical primary care, preventive care, and family planning services to patients in South Carolina. FASC ¶ 16. As a Medicaid-enrolled provider, among the many patients it serves, Planned Parenthood provides essential health care services to South Carolinians who rely on Medicaid and seeks reimbursement from Medicaid for the provision of these services. *Id*. ¶ 15. Separate and apart from the health care Planned Parenthood provides under Medicaid, Planned Parenthood offers abortions to the extremely limited extent allowed by South Carolina and federal law. *Id*. ¶ 18. Planned Parenthood receives no state or federal Medicaid reimbursement for the abortions it provides. *Id*.

In 2017 and 2018, Governor McMaster issued two Executive Orders directing the state to withhold funding from abortion providers, which resulted in the State terminating Planned Parenthood from the state Medicaid program on July 13, 2018. Dkt. 1 ("Compl."). Planned

Parenthood, along with co-plaintiff Julie Edwards, challenged these defunding actions as violating the Medicaid Act and Plaintiffs' Fourteenth Amendment rights. Compl. ¶¶ 47–52. Specifically, Plaintiffs alleged, under Section 1983, that Defendant violated 42 U.S.C. § 1396a(a)(23)(A) (the "Free Choice of Provider" provision) "by denying [Planned Parenthood]'s patients, including Ms. Edwards, the right to choose any willing, qualified health care provider in the Medicaid program." *Id*. ¶ 48. Plaintiffs further contended that the State's actions violated the Fourteenth Amendment Equal Protection "rights of [Planned Parenthood], its staff, and its patients (including Ms. Edwards) by singling them out for unfavorable treatment without adequate justification," *id*. ¶ 50, and further violated the Fourteenth Amendment by "penaliz[ing] [Planned Parenthood] for its constitutionally protected activity, without adequate justification," *id*. ¶ 52. Plaintiffs moved for a temporary restraining order and preliminary injunction on the basis of their Free Choice of Provider claim. Dkt. 5.

This Court granted Plaintiffs' motion and preliminarily enjoined the termination, *Planned Parenthood S. Atl. v. Baker*, 326 F. Supp. 3d 39, 51 (D.S.C. 2018), and the Fourth Circuit affirmed, finding Ms. Edwards likely to suffer irreparable harm through "diminished access to high-quality health care suited to [her] needs," *Planned Parenthood S. Atl. v. Baker*, 941 F.3d 687, 690, 707 (4th Cir. 2019). Defendant petitioned for a writ of certiorari, which the Supreme Court denied. *Baker v. Planned Parenthood S. Atl.*, 141 S. Ct. 550 (2020).

Following briefing on summary judgment, this Court permanently enjoined the termination and granted summary judgment as to the Free Choice of Provider claim. *Planned Parenthood S. Atl. v. Baker*, 487 F. Supp. 3d 443, 448–49 (D.S.C. 2020). In its decision, this Court noted that "Plaintiffs have agreed that, if the Court grants their motion for summary judgment on Count One of the complaint, it is unnecessary for the Court to consider their remaining claims inasmuch as

such a ruling would dispose of the controversy." *Id.* at 448. This Court then requested that the parties stipulate to dismissal of the constitutional claims. *See* Ex. B. Accordingly, the parties stipulated to voluntary dismissal of the constitutional claims, without prejudice, noting that the Court's grant of summary judgment "provides a basis for the full relief sought." Dkt. 74. Thereafter, this Court entered judgment in Plaintiffs' favor. Dkt. 77.

On appeal of the permanent injunction, the Fourth Circuit affirmed, holding that Ms. Edwards had a private right of action to bring a Free Choice of Provider claim under the Medicaid statute and recognizing that South Carolina no longer disputed that it had violated the Free Choice of Provider requirement. *Planned Parenthood S. Atl. v. Kerr*, 27 F.4th 945, 948, 953 n.1 (4th Cir. 2022) ("Here South Carolina terminated Planned Parenthood's agreement notwithstanding the fact that all parties agree that Planned Parenthood is perfectly competent to provide the non-abortive healthcare the individual plaintiff sought and requested."). Defendant petitioned for a writ of certiorari, which the Supreme Court granted, vacating the judgment and remanding the case to the Fourth Circuit for further consideration in light of its decision in *Health and Hospital Corp. of Marion County v. Talevski*, 599 U.S. 166 (2023). *Kerr v. Planned Parenthood S. Atl.*, 143 S. Ct. 2633, 2634 (2023). Yet again, the Fourth Circuit affirmed. *Planned Parenthood S. Atl. v. Kerr*, 95 F.4th 152, 159 (4th Cir. 2024). Again, Defendant petitioned for cert. The Supreme Court granted certiorari and reversed, holding that the Free Choice of Provider provision is not privately enforceable by Medicaid beneficiaries under Section 1983. *Medina*, 145 S. Ct. at 2239.

While this lawsuit worked its way through the appellate process, South Carolina continued to push forward with its plan to "defund" Planned Parenthood by any and all means. Most recently, on May 28, 2025, the South Carolina General Assembly passed the 2025-2026 General Appropriations Bill, which provides that "once the federal injunction [entered by this Court] is

lifted, [the State Department of Health and Human Services ("DHHS")] may not direct any federal funds to Planned Parenthood." H.B. 4025, 126th Session, § 33.22 (S.C. 2025). That instruction applies to all federal healthcare funding distributed through the State Medicaid program.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15, the Court "should freely give leave [to amend a complaint] when justice so requires" and liberally permit the filing of a "supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002). Indeed, in either instance, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). For both, leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182); *see also Franks*, 313 F.3d at 198 n.15 ("[T]he standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical."). Allegations in a supplemental complaint may be based on actions that "happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Under Rule 16(b), a plaintiff may move to amend a complaint after the time allowed by a scheduling order "with good cause and with the judge's consent." *See Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020) ("[T]he touchstone of that good cause requirement is diligence.") (quotations omitted). This requirement does not apply to supplemental claims. *See Poly-Med, Inc. v. Novus Sci. Pte Ltd.*, No. 8:15-CV-01964-JMC, 2017 WL 2874715, at *4 (D.S.C. July 6, 2017) ("Because a supplemental claim is not an 'amendment,' it is not governed by the

6

standards set forth in Rule 16(b) for amendments filed after a scheduling order deadline.").

## ARGUMENT

**I.      Good Cause Exists to Permit Amendment Here.**

The Court previously issued a scheduling order requiring amendments to be made by January 6, 2020. Dkt. 30. After this date, the State passed legislation barring federal funds from going to Planned Parenthood once the injunction in this case was lifted. Thus, Planned Parenthood could not have raised challenges to this legislation by the date of amendment set by this Court. Although good cause exists, as a supplement to the original complaint, such claims related to legislation do not require proof of good cause. *See Poly-Med*, 2017 WL 2874715, at *4.

For challenges to the Executive Orders and resulting termination from the Medicaid program in 2018, Plaintiffs have good cause to amend their complaint now despite the passage of the date specified in this Court's scheduling order. Plaintiffs did not dismiss their constitutional claims until December 2020, upon the Court's request and after the Court had granted summary judgment on their statutory claim. It therefore makes little sense to suggest that Plaintiffs could have (let alone should have) pursued amendment in January 2020. Plaintiffs had already prevailed in obtaining the relief sought, so amendment would have been a waste of resources. Indeed, the Court agreed: In granting summary judgment (after it entered the scheduling order), it recognized that "judicial economy mandates a timely decision" that ends "the need for further proceedings" under the amended scheduling order. *Baker*, 487 F. Supp. at 448. Concurrent litigation over constitutional claims would have been inefficient and contrary to the doctrine of constitutional avoidance, under which a "'[c]ourt will not decide a constitutional question if there is some other ground upon which to dispose of the case.'" *K & R Contractors, LLC v. Keene*, 86 F.4th 135, 148 (4th Cir. 2023) (quoting *Bond v. United States*, 572 U.S. 844, 855 (2014)); *see also Nw. Austin*

*Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009). Because this Court was able to resolve the case on the Free Choice of Provider claim prior to the Supreme Court's clarification on that cause of action, it properly avoided the constitutional issues. Plaintiffs may now appropriately amend, having diligently pursued their statutory claim all the way to the Supreme Court.

Further, the Fourth Circuit's mandate remanded the case to this Court with directions to "dismiss the complaint and assess any relevant costs." *See* Dkt. 124, *Kerr v. Planned Parenthood S. Atl.*, No. 21-1043 (4th Cir. July 30, 2025). Granting leave to amend and supplement would be consistent with the mandate, which only requires the Court to dismiss the initial complaint, does not require dismissal with prejudice, and says nothing about amendment, which properly is left to the sound discretion of this Court.

**II.     Amendment and Supplementation Should Be Freely Granted.**

All relevant considerations weigh in favor of permitting amendment and supplementation in accordance with the liberal standards of the Federal Rules. In particular, Defendant will not be prejudiced by Plaintiffs' decision to seek to amend and supplement the original complaint, especially given the alternative option to refile their claims in a new lawsuit—amendment is far more efficient than proceeding in two lawsuits.

***Prejudice.*** Defendant has, from the moment the State attempted to pull Planned Parenthood's Medicaid funding, been on notice of the bases for Planned Parenthood's objections to the unlawful termination and is not prejudiced by additional claims related to those actions or supplemental claims arising from subsequent termination attempts expressly tied to the original actions. An amended or supplemental claim is prejudicial only when it "[r]aises a new legal theory that would require the gathering and analysis of facts not already considered" by the defendant.

8

*Oroweat Foods*, 785 F.2d at 510. "[T]he mere addition of claims, though it will likely add to the burdens of discovery, is not, without more, prejudicial to the opposing party." *Poly-Med*, 2017 WL 2874715, at *4.

Here, because each factual allegation and legal contention in the FASC arises out of the conduct challenged in the original complaint, Defendant has been "from the outset made fully aware of the events giving rise to the action." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). Indeed, Plaintiffs' initial complaint challenged the State's decision "to terminate [Planned Parenthood]'s status as a qualified Medicaid provider." Compl. ¶ 4. Planned Parenthood's proposed FASC challenges the same, while incorporating the steps South Carolina officials continued to take after the date of the original complaint. Defendant cannot reasonably claim surprise, let alone prejudice, that having persevered in the State's targeting of Planned Parenthood, Planned Parenthood continues to seek the same relief: declaratory and injunctive relief prohibiting the State from terminating Planned Parenthood's participation in the state Medicaid program. Compl. ¶ 57; FASC ¶¶ 89-94; Ex. C. This is particularly true where the State legislation expressly references this litigation, calling for DHHS to cease directing federal funds to Planned Parenthood "once the federal injunction [entered by this Court] is lifted." H.B. 4025, 126th Session, § 33.22 (S.C. 2025).

Not only does Planned Parenthood continue to seek the same relief, but it continues to challenge the State's actions as a violation of the Equal Protection Clause of the Fourteenth Amendment. Compl. ¶¶ 49–50; FASC ¶¶ 74-78. Defendant has been aware of this claim "from the outset," *Davis*, 615 F.2d at 613, and the State has only continued to double down on actions singling out Planned Parenthood for unfavorable treatment. That Plaintiffs stipulated to dismiss their equal protection claim is irrelevant; the claim was dismissed *without* prejudice, and thus, can

9

be amended and supplemented. *See Orbit Corp v. FedEx Ground Package Sys., Inc.*, 2015 WL 12516611, at *2 (E.D. Va. Dec. 4, 2015) (granting leave to amend to add a claim previously "dismissed without prejudice.").

Defendant also cannot reasonably claim prejudice from amendment at this stage because the alternatives would not have resulted in a different outcome. At summary judgment, this Court denied Defendant's request to proceed with discovery, noting that it would have been contrary to "judicial economy." *Baker*, 487 F. Supp. 3d at 448. Accordingly, if the Court had stayed the constitutional claims pending appeal, Defendant would be in the same position. The same is true for Plaintiffs' decision to amend, rather than file a new lawsuit, as both require Defendant to defend against the same claims. The only difference is the procedural vehicle for the claims, and this procedural vehicle, continuing in the same litigation, promotes efficiency and judicial economy. *Id.* at 448.

***Futility.*** Planned Parenthood's amended and supplemental claims are in no sense futile. An amended or supplemental claim is futile only when it "is clearly insufficient or frivolous on its face." *Oroweat Foods*, 785 F.2d at 510; *see also Davis*, 615 F.3d at 613 ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.") (citation omitted).

Indeed, far from futile, Planned Parenthood's claims are likely to succeed on the merits, as another federal court recently held in reviewing similar claims on similar facts. In *Planned Parenthood Fed'n of America v. Kennedy*, 2025 WL 2101940 (D. Mass. Jul. 28, 2025), a district court enjoined federal agencies from targeting Planned Parenthood Federation of America members, including Planned Parenthood South Atlantic, for exclusion from Medicaid

10

reimbursement under Section 71113 of the 2025 Reconciliation Act, Pub. L. No. 119-21, 139 Stat. 72, 300-01 (July 4, 2025), also known as the "One Big Beautiful Bill Act." The court found that the plaintiffs were likely to succeed on their Bill of Attainder and Equal Protection claims—claims that are similar to the ones Planned Parenthood seeks leave to bring here. *Id.* at *2. Specifically, the court found the plaintiffs likely to establish that Section 71113 is an unconstitutional Bill of Attainder by showing they were the "'easily ascertainable' target of the law" and that the law imposes a punishment unique to the plaintiffs in forcing them "and not any other abortion providers . . . to choose between continuing to provide elective abortion and continuing to participate in Medicaid programs." *Id.* at *17–19. Similarly, the court found the plaintiffs likely to succeed on their argument that Section 71113 violates the Equal Protection Clause of the Fifth Amendment by showing that the law treats Planned Parenthood Federation of America members differently from similarly situated entities and is not "tailored to serve a compelling governmental interest." *Id.* at *23. The court also found the plaintiffs "likely to show that there is no rational relationship between the class burdened by Section 71113—comprised of 47 Planned Parenthood [Federation of America] Members and two additional entities—and the goal of reducing abortion." *Id.*; *see also Planned Parenthood of Cent. N.C. v. Cansler*, 877 F. Supp. 2d 310, 333 (M.D.N.C. 2012) (permanently enjoining North Carolina law prohibiting state Department of Health and Human Services from providing funds to Planned Parenthood affiliates). Planned Parenthood's claims here likewise are not frivolous.

**Bad Faith.** Plaintiffs do not bring this amended and supplemental complaint in "bad faith." *Foman*, 371 U.S. at 182. "Bad faith" is "a difficult term to define," but requires some willfully underhanded behavior, such as "outright lying, deceiving, playing unjustifiable hardball, slacking off, intentionally causing confusion, or stubbornly refusing to follow rules." *United States ex rel.*

*Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 198 (4th Cir. 2022) (finding bad faith where a plaintiff "withheld facts and evidence that he knew before filing the original Complaint"); *see also Peamon v. Verizon Corp.*, 581 F. App'x 291, 292 (4th Cir. 2014) (finding bad faith where plaintiff "sought to artificially inflate his damages" through amendment).

Here, Plaintiffs pursued their case diligently and secured an injunction on their statutory claim. Plaintiffs complied with the Court's request to dismiss their constitutional claims given the resolution on the statutory claim. Now that the Supreme Court has held that the Free Choice of Provider provision does not confer an individually enforceable right under Section 1983, Planned Parenthood seeks to proceed on constitutional claims that would have been unnecessary to litigate had the Supreme Court affirmed the decision of the Fourth Circuit. That approach is the opposite of bad faith, as Plaintiffs sought to preserve the resources of the parties and this Court on appeal.

## CONCLUSION

For these reasons, Plaintiffs respectfully requests that the Court grant leave to file the amended and supplement complaint attached here as Exhibit A.

Dated: August 21, 2025

Respectfully submitted,

By: /s/ Kathleen McDaniel
M. Malissa Burnette (Fed. Bar No. 1616)
Kathleen McDaniel (Fed. Bar No. 10139)
Grant Burnette LeFever (Fed. Bar No. 12943)
Burnette Shutt & McDaniel, PA
912 Lady Street, Second Floor
Columbia, SC 29201
803-904-7913
mburnette@burnetteshutt.law
kmcdaniel@burnetteshutt.law
glefever@burnetteshutt.law

Jennifer R. Sandman*
C. Peyton Humphreville**
Planned Parenthood Federation of America
123 William Street, Ninth Floor
New York, NY 10038
212-541-7800
jennifer.sandman@ppfa.org
peyton.humphreville@ppfa.org

Hannah Swanson**
Planned Parenthood Federation of America
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
202-494-8764
hannah.swanson@ppfa.org

*Attorneys for Plaintiffs*

Heather L. Richardson**
Priyah Kaul**
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
213-229-7000
hrichardson@gibsondunn.com
pkaul@gibsondunn.com

*Attorneys for Plaintiff Planned Parenthood South Atlantic*

\* Admitted pro hac vice
\*\* Pro hac vice application forthcoming